BARRY, Judge,
dissenting with reasons.
The majority concludes “that his partner [Foley] had taken the weapon for his own personal use.” That premise, whether or not correct, does not support Washington’s dismissal.
The Civil Service Commission said:
In regard to appellant Washington, this is an especially difficult decision. He was found guilty not because he was the active participant — Appellant Foley was, but because he knew or rather should have known what was being done with the weapon. Unfortunately, he did not testify at the hearing and must therefore suffer the same fate as Foley.
(My emphasis)
Washington had no obligation to testify or present evidence. The appointing authority has the burden of proof. Saulny v. Office of Employment Training and Development, 524 So.2d 144 (La.App. 4th Cir.1988). To consider Washington’s silence as an admission of guilt, or to hold his silence against him, is improper.
The majority cites police rules and procedures to justify Washington’s firing — none are on point and apparently none exist.